# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>   Plaintiff,<br><br>   v.<br><br>FISHER, *et al.*,<br><br>   Defendants. | Case No. 1:23-cv-00313-ADA-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 11)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Raymond H. Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending are the Court's September 14, 2023 findings and recommendations to dismiss this action as barred by *Heck v. Humphrey* and for failure to state a claim. (ECF No. 11.)

On October 26, 2023, Plaintiff filed objections to the findings and recommendations. (ECF No. 14.) Plaintiff argues that this action is not barred by *Heck v. Humphrey*, and directs the Court's attention to California Code of Regulations, Title 15 § 3329.5, which provides, in relevant part, that "Good Conduct Credit shall be restored for a Division "D," "E," or "F" offense discovered by department staff on or after May 1, 2017, if an inmate remains disciplinary-free for a period of 90 calendar days. Cal. Code Regs. tit. 15, § 3329.5 (2023). Plaintiff states that he was found guilty of Disobeying an Order, which as a Division "F" offense, and he was assessed 30

days of credit loss. The 30 days was restored to Plaintiff's case file on June 21, 2021 pursuant to section 3329.5. (ECF No. 14, p. 2.) Plaintiff further contends that Defendants utilized the disciplinary and classification process as a ruse to retaliate and remove Plaintiff from the Men's Advisory Council. (*Id.*)

In light of Plaintiff's assertion of new factual allegations that were not present in the original or first amended complaints, specifically relating to the automatic restoration of his forfeited credits following the disciplinary hearing, the Court finds it appropriate to vacate the pending findings and recommendations to allow Plaintiff to file a second amended complaint to include the omitted allegations.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on September 14, 2023, (ECF No. 11), are VACATED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint, **not to exceed twenty-five (25) pages**; and

///

2

4. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will proceed on the first amended complaint and will be dismissed for failure to state a claim, failure to prosecute, and for failure to obey a court order**.

IT IS SO ORDERED.

Dated:   **October 31, 2023**                /s/ Barbara A. McAuliffe            _
                                                           UNITED STATES MAGISTRATE JUDGE