# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br>Plaintiff,<br>v.<br>R. FISHER, *et al.*,<br>Defendants. | No. 1:23-cv-00313-KES-BAM (PC)<br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br>(Doc. 20) |

Plaintiff Raymond H. Denton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 13, 2025, the assigned Magistrate Judge screened Plaintiff's second amended complaint and found that Plaintiff stated cognizable claims against Defendants Torres and Santoya for retaliation in violation of the First Amendment. Doc. 20. The Magistrate Judge further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. *Id.* The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen days after service. *Id.* Plaintiff timely filed objections to the findings and recommendations. Doc. 21.

Plaintiff objects to the dismissal of his supervisory liability claim against Defendant Fisher and his retaliation claim against Defendant Welch. Plaintiff's objections largely restate

allegations already included in the second amended complaint. As discussed in the findings and recommendations, Plaintiff failed to allege facts that Defendant Fisher was deliberately indifferent to a need for more or different training, and the allegations reflect that Defendant Fisher responded to Plaintiff's concerns in a letter and during a meeting regarding the classification of his disciplinary reports. Doc. 20 at 6–7.

With respect to his disciplinary hearing, Plaintiff alleges that Defendant Welch relied on reports and did not call the officer witnesses to testify, did not review housing unit video evidence, and refused to reclassify the disciplinary report. Doc. 21. But Plaintiff does not allege that he was denied the right to call witnesses with exculpatory testimony. As the magistrate judge found, Defendant Welch's conduct does not arise to a due process violation. Doc. 20 at 10, 12. But Plaintiff also alleges that Defendant Welch stated at the hearing, "I don't have to reduce anything because you like to write us up and sue us anyway." Doc. 21 at 4; Doc. 17 at 5. To the extent that arguably alleges that the level of discipline Defendant Welch imposed at the hearing was motivated by an intent to retaliate against Plaintiff for his past filings of complaints against officers, it is sufficient for purposes of this screening stage for plaintiff to proceed on his retaliation claim as to Defendant Welch.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis, except that the action shall also proceed against Defendant Welch for retaliation in violation of the First Amendment.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on November 13, 2025, Doc. 20, are adopted in part;
2. This action shall proceed on Plaintiff's second amended complaint, filed December 1, 2023, Doc. 17, against Defendants Torres, Santoya, and Welch for retaliation in violation of the First Amendment;
3. All other claims and defendants are dismissed from this action for failure to state claims

upon which relief may be granted; and

4. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: August 9, 2026

UNITED STATES DISTRICT JUDGE